■ DJL RESTAURANT CORP. et al., Appellants, v CITY OF NEW YORK et al., Respondents. [706 NYS2d 395] —Order and judgment (one paper), Supreme Court, New York County (Steven Crane, J.), entered on or about February 10, 1999, which granted defendants' motion for summary judgment, declaring that the Adult Use Amendments of the New York City Zoning Resolution as applied to plaintiffs are not preempted by the New York State Alcoholic Beverage Control Law, unanimously affirmed, without costs.

Although the State Alcoholic Beverage Control Law is "surely pre-emptive" (*People v De Jesus*, 54 NY2d 465, 469), establishments selling alcoholic beverages are not, as a consequence, necessarily exempt from local laws of general application (*see, supra,* at 471-472). The Adult Use Amendments to the Zoning Resolution of the City of New York are local laws of general application with a legitimate governmental purpose. Any impact of those laws on establishments holding liquor licenses is incidental, and not a result of an attempt by the City to regulate the sale, distribution or consumption of alcohol. Moreover, there is nothing mutually exclusive about these two separately focused regulatory provisions (*see, Incorporated Vil. of Nyack v Daytop Vil.,* 78 NY2d 500, 507).

As to plaintiffs' contention that topless dancing is a protected form of entertainment, the constitutionality and propriety of the Amended Zoning Resolution as it relates to freedom of expression have been upheld by the Court of Appeals in *Stringfellow's of N. Y. v City of New York* (91 NY2d 382). Concur— Sullivan, P. J., Nardelli, Mazzarelli and Saxe, JJ.